Nott, J.,
delivered the opinion of the court:
This is an action brought to recover the net proceeds of twenty bales of sea-island and four bales of upland cotton, captured at Savannah, amounting, as is alleged, to $10,100.
The court is satisfied as to the claimant’s loyalty; he married during the war into a loyal family at Columbus, Georgia; he aided refugees to escape from the South; he expressed loyal sentiments, and no act of aid or comfort to the rebellion is shown except his serving in a fire company, which we are satisfied was involuntary. His brother, David Kohns, for whose benefit the suit is really brought, was also loyal, and during the rebellion a citizen and resident of New York.
The suit is peciiliar and differs somewhat from any which has gone before it. The learned counsel for the defendants insist that it is precisely like the recent case of Bernheimer, and under the ruling in that case this should have been brought by David Kohns. But it sppears that the claimant purchased the cotton in his own name, and shipped it to Savannah, where it was stored on his own account. After capture it was also reported as his. These facts are sufficient to take the case out of the rule in Bernheimer. If the action had been brought by David Kohns, we should hold that he could not recover.
The facts relied upon by the special counsel of the Treasury are these: The claimant spoke to his father-in-law and others of having purchased cotton for his brother in New-York. He was advised to sell it, and said, “ I icill not do it. I ivrote a long time ago that I had this cotton for Mm, and if I sell it for Confederate moneyi and get it exchanged for greenbacks, it will not bring anything, and I will talce the rislc of trying to save it.” He also sent, by one attempting to escape into the United ¿States lines, 11 cotton receipts for cotton deposited at Savannah,” but these *606 receipts did not. in fact, pass the lines, and were destroyed by the bearer in the fear and expectation of being searched by the Confederates. It also appears that the brother, David Kohns, spoke to a friend of his then having or owning cotton in Savannah. And finally, there is an instrument, in the nature of a release, executed by the claimant, which recites that the cotton in question was purchased by him ufor the sole benefit of the said David Kohns, and at his cost and expense.”
These facts may be reconciled with the others;, the declaration to his father-in-law does not show a legal property in David Kohns, nor more than an interest'’on the part of the claimant that the property legally vested in himself should some clay be transferred to his brother. The cotton receipts were not sent until December, 18GI, and may not have been sent until after the capture of Savannah. The assertion of David Kohns, that he owned cotton in Savannah, was not made until January or February, 18G5, when the capture was made, and the transfer might have taken place. The release was not executed until the 23d January, 1SGÍ), which was long after this suit had been brought.
The equitable interest of David Kohns the claimant was properly disclosed in his petition. David Kohns has' brought no action, nor in any way alleged an adverse interest. The petition will estop the claimant from ever denj-ing that the suit was instituted for the use and benefit of his brother. These captured and abandoned property cases are without legal precedent; the time within which they might have been brought was brief; the most skilful practitioners were divided as to the proper manner of conducting them ; the statute up>on which they rest is remedial. It would ill become the court to allow a just claim to be defeated for defect of form, if, upon any legal theory,it can be sustained.
The judgment of the court is that the claimant recover the net proceeds in the Treasurj^ of twenty bales of sea-island cotton captured at Savannah, being $231 79 a bale, and of four bales of upland cotton, being $175 33 a bale, amounting in the aggregate to $5,337 12.